UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KENNETH STALEY,

        Plaintiff,                    Case No. 1:19-cv-771

v.                                       Honorable Paul L. Maloney

UNKNOWN DOLITTLE,

        Defendant.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Eighth Amendment claim against the named Defendant for failure to state a claim.

**Discussion**

I.  **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Registered Nurse Unknown Dolittle.

Plaintiff alleges that on March 26, 2019, during morning med-line, Defendant refused to give him his medically prescribed "Boost," which is a protein supplement drink. Defendant initially told Plaintiff that he was required to drink his Boost in her presence, and Plaintiff replied that he was usually able to keep the Boost until after medication was passed out in the unit. Plaintiff asked to see the pertinent rule, but Defendant refused. Plaintiff then stated that he would drink the Boost in front of her, but that he was going to file a grievance on Defendant if she was wrong about the rule. At this point, Defendant left the area, stating that she did not have the Boost with her and had to go get it.

When Defendant returned to the unit for noon med-line, Plaintiff asked for his Boost. Defendant stated that Plaintiff was not getting his Boost because he had a bad attitude. Plaintiff stated that he was going to file a grievance and Defendant responded "fuck your grievance dumbass," and slammed Plaintiff's window flap. Plaintiff states that he has a special accommodation to receive Boost twice a day in order to prevent him from losing weight. Plaintiff did not receive Boost at all on March 26, 2019.

Plaintiff filed a grievance, which was denied: "It is documented on the grievant's MAR [medication administration record] that he refused his Boost on 03-26-19 am and was inappropriate to the nurse." (ECF No. 1-1, PageID.9.) In his step II grievance appeal, Plaintiff

protested that he did not behave like "a fool" until the lunch med-line, after Defendant had already refused to give him his Boost. (*Id.* at PageID.12.)

In the step III grievance response, R. Harbaugh, RN stated:

> Grievant alleges the Nurse was unprofessional and denied him access to his medication.
>
> All relevant information within the electronic medical record has been reviewed. Step I and Step II appropriately addressed this grievance and are affirmed at the Step III appeal. After reviewing the Electronic Medical Record, there is no information to substantiate or refute your claim. Your health care needs are being appropriately addressed at this time, you are encouraged to kite Health Care [with] any health related concerns.

(*Id.* at PageID.13.)

Plaintiff states that Defendant's conduct violated the First and Eighth Amendments. Plaintiff seeks damages.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Eighth Amendment

Plaintiff claims that Defendant acted with deliberate indifference to his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with

"deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

In this case, Plaintiff claims that Defendant denied him his two cans of Boost on a single day. Plaintiff states that he has problems with his jaw that make it difficult for him to eat solid food, so the Boost was prescribed in order to prevent him from losing weight. Accepting Plaintiff's allegations as true, the deprivation of two supplemental protein drinks on a single day does not rise to the level of an Eighth Amendment violation. As noted above, the deprivation of life's necessities, such as food or water, can constitute a claim under the Eighth Amendment, but the withholding of protein drinks over the course of a single day does not result in a health risk to Plaintiff sufficient to qualify as a deprivation of one of life's necessities. Therefore, this claim is properly dismissed.

## IV. First Amendment Retaliation

Plaintiff claims that Defendant's refusal to give him Boost on March 26, 2019, violated his First Amendment right to be free from retaliation. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*,

5

175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Plaintiff states that Defendant refused to give him his Boost after he threatened to file a grievance. The Court concludes that Plaintiff's allegations are sufficient to support a retaliation claim at this stage in litigation.

## V. Pending motions

Plaintiff has filed a motion for counsel in this case (ECF No. 4). Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position.

Plaintiff has also filed a motion for an order for subpoena (ECF No. 3) in which he seeks a copy of the medication log for March 26, 2019. Plaintiff's request for discovery material is premature. Therefore, the Court will deny this motion.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's Eighth Amendment claim against the named Defendant will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment retaliation claim against the named Defendant remains in the case.

In addition, Plaintiff's pending motions for counsel and for an order for subpoena (ECF Nos. 3 and 4) will be denied.

An order consistent with this opinion will be entered.


Dated:   December 3, 2019                              /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge